IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiffs, | 8:20-CR-141 |
| vs. | |
| LACEE DAWN TUTTLE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court for its review of the Magistrate Judge's Findings and Recommendation, Filing 73, granting in part and denying in part Defendant's Motion to Suppress and Exclude Evidence, Filing 41. The United States timely filed a Statement of Objections to Magistrate Judge's Findings and Recommendation on Defendant's Motion to Suppress challenging a limited portion of the Magistrate Judge's ruling. Filing 77. As discussed below, the Court grants the objection to the Magistrate Judge's recommendation to partially suppress. The Court adopts the Magistrate Judge's findings and recommendation as to the unchallenged recommendation to partially deny Defendant's Motion to Suppress. The Court therefore denies the entirety of Defendant's Motion to Suppress and Exclude Evidence.

## I. BACKGROUND[1]

During the early morning hours of July 14, 2019, Santee Sioux Police Officer William Blevins was on duty and stopped at the Ohiya Casino Resort (the "Casino"), located within the Santee Sioux Indian Reservation in Nebraska, to "check in with them." Filing 63 at 120-21. A Casino security officer approached and informed Officer Blevins that another Casino employee had discovered a bagged, white substance on the Casino floor. Filing 63 at 121. Casino security

---

[1] While the Court has reviewed the entire record, the Court provides only selected facts relevant for context and to the question at issue: whether probable cause to search Defendant's vehicle existed.

1

reviewed surveillance footage which showed a woman, later identified as Defendant, arriving at the Casino via car, parking the car in the Casino lot, entering the Casino, withdrawing her hand from her right pocket while walking into the Casino, and dropping two baggies from within that pocket when she withdrew her hand. Filing 63 at 13-14, 17-18, 62; Ex. 2 at 0:58-2:41 (body-camera footage of Casino security stepping just outside the Casino's front doors and gesturing to the "white car right out there in front," describing Defendant, and explaining how the baggies fell from her pocket); Ex. 6 at 0:05-0:12 (surveillance footage showing Defendant just past the welcome counter when dropping the baggies). Casino-surveillance footage viewed in conjunction with body-camera footage makes clear that Defendant's car was parked within several seconds' walk of the front door, which in turn is just steps from the location Defendant dropped the two baggies. *See* Ex. 2 at 0:58-2:41; Ex. 6 at 0:05-0:12. Casino security informed Officer Blevins and Santee Sioux Police Officer Marlin Mousseau of these facts. Ex. 2 at 1:53-2:15. Having viewed the bagged substance, both officers recognized the white, crystal-like substance as methamphetamine based on their training and experience. Filing 63 at 16, 124-25.

Both officers then approached Defendant and led her to a large, empty room within the Casino to avoid making a scene. Filing 63 at 19-20; 126; Ex. 2 at 2:43-4:50. Officer Mousseau informed Defendant that she was seen dropping bags of methamphetamine on camera and directed her to empty her pockets; Defendant partially complied by emptying her left pocket, which contained over $120 in cash, but attempted to dispose of items in her right pocket by furtively throwing them into a nearby trash can. Filing 63 at 20-22, 127; Ex. 1 at 1; Ex. 2 at 4:50-5:40; Ex. 4 at 1:10-1:30; Ex. 7 at 0:30-0:41. Officer Mousseau searched the previously empty trash can and found two pipes: one a metal marijuana pipe and the other a glass methamphetamine pipe. Filing 63 at 20-22; Ex. 1 at 2; Ex. 2 at 6:40-7:45; Ex. 4 at 3:20-4:00; Ex. 7 at 1:55-3:15. Officer Mousseau

then asked Defendant if she had any drug "priors" to which Defendant responded in the negative and added she had a "possession of marijuana that was dropped." Ex. 2 at 10:40-10:50.

After placing Defendant in the backseat of a police vehicle, Casino security informed Officers Mousseau and Blevins that Defendant placed a bag in the trunk of her vehicle before entering the Casino. Ex. 3 at 9:19-9:27. Both officers proceeded to search Defendant's car,[2] and they located three additional baggies of methamphetamine, drug paraphernalia, $933 in cash, a pill bottle, and various pills including Lorazapam, Alprazelam, and oxycycodone. Filing 63 at 27-31, 91; Ex. 1 at 2-3; Ex. 3 at 9:30-23:00; Ex. 4 at 24:00-42:00.

Defendant was subsequently indicted on allegations of possession with intent to distribute methamphetamine and evidence tampering based on the early-morning events of July 14, 2019. Filing 21. Defendant filed her Motion to Suppress on September 21, 2020, seeking to suppress "all evidence obtained directly or indirectly as a result of [Defendant's] unlawful custodial detention, and arrest . . . the unlawful search of Defendant; the unlawful interrogation of Defendant, [and] the unlawful seizure and search of Defendant's vehicle and the contents of said vehicle." Filing 41. Following an evidentiary hearing, the Magistrate Judge issued an order recommending that the Court grant Defendant's Motion to Suppress, Filing 41, as to evidence obtained from the search of

---

[2] There was various evidence regarding Officer Mousseau's motivation for the search of Defendant's car. On video, Officer Mousseau indicated he would search Defendant's purse, located in the trunk of the car, and said, "I hope there's no more drugs in there." Ex. 3 at 3:50. He also stated, "We're gonna make sure there's nothing else in there." Ex. 3 at 6:28-6:33. In court, Officer Mousseau testified that he "thought maybe there might be some type of ledger or anything associated with selling methamphetamine" in the vehicle. Filing 63 at 32. Officer Mousseau also testified that he "assumed" and "inferred" that Defendant wanted him to retrieve money from her purse within her vehicle when she asked him, "Can you tell my mom there's more money in my purse to bond me out?" *Compare* Filing 63 at 25-26 (Officer Mousseau's testimony), *with* Ex. 3 at 1:46 (body-camera footage with audio in which Defendant clearly makes her request). According to Officer Mousseau, "[t]he sole purpose of going to the car" was "obtaining the money out of the purse . . . based on [Defendant]'s request." Filing 63 at 32, 75-76. Officer Mousseau also said he needed to search her purse to check for weapons or contraband prior to giving the purse to Defendant's mother. Filing 63 at 27-29. The precise intent of Officer Mousseau is not determinative here because probable cause is an objective standard that does not rely on the credibility or subjective intent of the officer. *See Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) ("An action is reasonable under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed objectively, justify the action.") (cleaned up).

3

Defendant's vehicle and purse but recommending the Court deny the remainder of the motion. Filing 73. The United States then objected to the Magistrate Judge's finding "that the automobile exception does not apply to the search of the Defendant's vehicle and purse therein because there was not probable cause to justify the search." Filing 77 at 1 (citing Filing 73 at 15-18). Defendant did not object or respond.

## II. DISCUSSION

### A. Standard of Review

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). 28 U.S.C. § 636(b)(1) requires de novo review "only when a party objected to the magistrate's findings and recommendations." *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619–20 (8th Cir. 2009) (*quoting Peretz v. United States*, 501 U.S. 923, 939 (1991)). "[T]he failure to file objections eliminates not only the need for de novo review, but any review by the district court." *Id.* at 620.

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### B. Analysis

As described, the Court's standard of review differs depending on whether a party objects to any finding or recommendation. Accordingly, the Court first addresses the Magistrate Judge's Findings and Recommendation to which no party has objected before turning to the recommendation that the Court suppress any evidence obtained from the search of Defendant's vehicle.

1. *Unchallenged Findings and Recommendation*

Because the Court must engage in de novo review "only when a party objected to the magistrate's findings and recommendations," *Leonard*, 553 F.3d at 619–20 (*Peretz*, 501 U.S. at 939 *Peretz*, 501 U.S. at 939), and need only "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1)(C), the Court need not review the majority of the Magistrate Judge's findings or recommendations. The only objected-to portion of the Magistrate Judge's Findings and Recommendation is his finding that Officer Mousseau lacked probable cause to search Defendant's car thereby rendering the automobile exception to the warrant requirement inapplicable. *See* Filing 73, Filing 77 (United States' narrowly-tailored objection). Thus, the Court adopts the Magistrate Judge's findings and recommendation to deny Defendant's motion on all other grounds.[3]

2. *Challenged Findings and Recommendation*

The Magistrate Judge determined that the United States' warrantless search of Defendant's vehicle was not justified under the automobile exception because there was not probable cause to support the search. Filing 73 at 15-18. Relying generally on various cases in which vehicles were actively involved from the beginning of investigations, the Magistrate Judge reasoned that there was an insufficient nexus between Defendant's vehicle parked in the Casino lot and both the relatively small amount of drugs dropped by Defendant and two pipes thrown away by Defendant while inside the Casino. Filing 73 at 17-18. The United States argues "there was probable cause to believe further evidence of drug-related criminal activity would be discovered in the Defendant's

---
[3] While review of the Magistrate Judge's unobjected-to findings is not necessary, the Court has reviewed the entire record de novo in order to address the United States' objection. The Court concurs with the Magistrate Judge's well-reasoned application of the law to the facts as they relate to Defendant's other arguments for suppression.

vehicle and her purse therein" because Defendant exited her vehicle, dropped baggies of methamphetamine out of her pocket shortly thereafter, had paraphernalia on her person, mentioned a previously-dismissed marijuana charge, and stated there was money in her purse for her bond, presumably a significant amount. Filing 78 at 7-8.

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,' and it requires probable cause for lawful searches and seizures." *United States v. Hernandez Leon*, 379 F.3d 1024, 1027 (8th Cir. 2004) (quoting U.S. CONST. amend. IV) (alteration in original). "A warrantless search is presumptively unreasonable absent some exception to the warrant requirement." *Id.* "Under the automobile exception, officers may search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity." *United States v. Davis*, 569 F.3d 813, 817 (8th Cir. 2009) (citing *United States v. Cortez-Palomino*, 438 F.3d 910, 913 (8th Cir. 2006)). A court must consider the totality of the circumstances when determining whether probable cause exists; probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in the place to be searched." *Hernandez Leon*, 379 F.3d at 1027. "[T]he probable-cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate." *United States v. Ross*, 456 U.S. 798, 808 (1982). If probable cause justifies the search of a vehicle, "it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Coleman*, 700 F.3d 329, 336 (8th Cir. 2012) (quoting *Ross*, 456 U.S. at 800).

In *United States v. McManaman*, 673 F.3d 841, 844 (8th Cir. 2012), law enforcement officers went to the defendant's house with a warrant for his arrest stemming from drug charges.[4]

---

[4] The charges stemmed from admissions the defendant made in 2005 and 2006, but he was not indicted or arrested until the spring of 2008. *Id.*

The officers knocked on the door, and the defendant came out onto the porch at which time officers placed him under arrest. *Id.* Officers searched the defendant and found a marijuana pipe and a methamphetamine pipe in his pockets, and the defendant informed them of a firearm inside the house. *Id.* Without a warrant, officers then searched the defendant's house and found numerous incriminating items. *Id.* The defendant moved to suppress the evidence obtained during that warrantless search, but the district court denied the motion because "[t]he drug paraphernalia found in McManaman's pocket when he was arrested would have provided sufficient probable cause for a search warrant of the house," and thus officers would have inevitably discovered the incriminating items within the house. *Id.* at 845. Upon appeal, the Eighth Circuit noted that the defendant "offer[ed] no persuasive argument" showing the district court erred in its determination of probable cause. *Id.* at 847. Affirming the district court's ruling, the Eighth Circuit stated that "the existence of drug paraphernalia 'in or around a suspect's house is significant on the issue of probable cause.'" *Id.* (quoting *Hernandez Leon*, 379 F.3d at 1028).

In *United States v. Briscoe*, 317 F.3d 906, 907 (8th Cir. 2003), law enforcement searched the garbage left outside Briscoe's residence and found marijuana seeds and stems. Upon appeal of the district court's denial of the defendant's motion to suppress, the Eighth Circuit stated, "The question in this case is whether the marijuana seeds and stems in Briscoe's garbage were sufficient *stand-alone* evidence to establish probable cause." *Id.* at 908 (emphasis in original). The court reasoned that "the presence of discarded marijuana stems and seeds reasonably suggest[s] that ongoing marijuana consumption or trafficking is occurring within the premises" and "simple possession of marijuana seeds is itself a crime." *Id.* Further, federal law "authorize[s] the issuance of a search warrant for drugs, drug paraphernalia, drug proceeds, and related evidence." *Id.* at 908–

7

09. Thus, the court "concluded that the marijuana stems and seeds recovered from Briscoe's garbage were independently adequate to establish probable cause." *Id.* at 909.

In the present case, the totality of the circumstances before the Court is more than sufficient to support a finding that "there [was] a fair probability that contraband or evidence of a crime [would] be found in [Defendant's vehicle]." *Hernandez Leon*, 379 F.3d at 1027. Compared to the facts present in *Briscoe*, consisting only of marijuana seeds and stems, this case involves officers finding suspected methamphetamine that Defendant had on her person. Filing 63 at 13-14, 17-18, 62; Ex. 2 at 0:58-2:41; Ex. 6 at 0:05-0:12. Defendant also had a methamphetamine pipe and a marijuana pipe in her pocket, and she had previously been charged with possession of marijuana, though the charge was dropped. Filing 63 at 20-22, 127; Ex. 1 at 1; Ex. 2 at 4:50-5:40, 6:40-7:45, 10:40-10:50; Ex. 4 at 1:10-1:30, 3:20-4:00; Ex. 7 at 0:30-0:41, 1:55-3:15.

The Court concludes that the totality of the circumstances favoring probable cause here is considerable compared to the evidence present in *Briscoe,* and quite similar to that present in *McManaman.* This is particularly true because "the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home." *California v. Carney*, 471 U.S. 386, 391 (1985).

However, there must still have been a nexus with Defendant's vehicle in order for the search to have been lawful. *See United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000) ("[T]here must be evidence of a nexus between the contraband and the place to be searched."). In *Briscoe*, the evidence was in a garbage container outside of the defendant's home, 317 F.3d at 907, and in *McManaman*, the contraband was on the defendant's person while he was on his porch. 673 F.3d at 844. In the present case, the video evidence, which includes statements from Casino security and depicts the layout of the Casino entry and parking lot, makes clear that Defendant parked her

car, placed her purse in the trunk, walked a short distance to the Casino, and dropped the methamphetamine on the floor of the Casino immediately after walking inside. Ex. 2 at 0:58-2:41; Ex. 6 at 0:05-0:12. The video illustrates that Defendant parked her car close to the front doors of the Casino. Ex. 2 at 0:58-2:41 (clearly depicting Defendant's car from the Casino entrance); Ex. 3 at 22:50-23:30 (Officer Mousseau's body-camera footage depicting the Casino entrance from Defendant's car). The evidence illustrates Defendant entering the casino within minutes—or even potentially seconds—of exiting her car. Ex. 2 at 1:53-2:15 ("They got out of that car when she walks in she has her hand in her pocket like this and she walks in and she gets right up by that machine and she goes like that"); Ex. 3 at 9:19-9:27 (Casino security stating that Defendant placed a bag in the trunk of her vehicle before entering the Casino). Further, the facts and timing of the suspected methamphetamine dropping from Defendant's pocket make this situation comparable to the situation where contraband was found on a defendant's person upon a traffic stop, thus justifying a search of an automobile pursuant to the automobile exception. *See Davis*, 569 F.3d at 817–18 (addressing the automobile exception and stating, "If there had been any doubt about whether the smell of smoldering cannabis constituted probable cause to search the vehicle, such doubt was obviated by the discovery of a bag of marijuana in Davis's pocket.").

In addition to possessing suspected drugs, Officer Mousseau also knew Defendant had additional cash, beyond the approximately $120 on her person, in her purse within her vehicle. Officer Mousseau knew this because Defendant mentioned she had more cash in her purse that could be used for bail money. Filing 63 at 25-26; Ex. 3 at 1:46. Defendant also had a methamphetamine pipe and suspected methamphetamine that had been on her person; and, her marijuana pipe had no accompanying marijuana. These facts additionally support the required nexus such that there was a "fair probability" that Officers Blevins and Mousseau would find

9

evidence of criminal activity within Defendant's vehicle, *Hernandez Leon*, 379 F.3d at 1027. Thus, there was probable cause for the search, and the automobile exception applied.

### III. CONCLUSION

Accordingly, the Court grants the United States' objection, adopts the Magistrate Judge's Findings and Recommendation as to all issues except the warrantless search of Defendant's vehicle, and denies Defendant's Motion to Suppress and Exclude Evidence in its entirety.

IT IS ORDERED:

1. Plaintiff's Statement of Objections to Magistrate Judge's Findings and Recommendation on Defendant's Motion to Suppress, Filing 77, is granted;

2. The Court adopts the Magistrate Judge's Findings and Recommendation, Filing 73, insofar as it recommends denial of Defendant's Motion to Suppress and Exclude Evidence as to the initial detention, tribal jurisdiction, and Defendant's initial arrest;

3. The Court declines to adopt the Magistrate Judge's Findings and Recommendation, Filing 73, insofar as it recommends suppression of the warrantless vehicle search;

4. Defendant's Motion to Suppress and Exclude Evidence, Filing 41, is denied in its entirety; and

5. The Clerk of Court is ordered to terminate the pending motions at Filing 41, Filing 73, and Filing 77.

Dated this 14th day of May, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge